**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1623
_____

UNITED STATES OF AMERICA

v.

JAHMAL TODMAN,
Appellant

On Appeal from the District Court of the Virgin Islands
District Court  No. 09-cr-00054-001
District Judge: The Honorable Curtis V. Gómez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: McKEE, FUENTES, and SMITH, *Circuit Judges*

(Filed:  December 21, 2010)

_____

OPINION
_____

FUENTES, *Circuit Judge.*

On November 18, 2009, pursuant to a plea agreement, appellant Jahmal Todman

pled guilty to possession of a firearm in a school zone in violation of 18 U.S.C. §§

1

922(q)(2)(A) and 924(a)(4) and first degree assault in violation of 14 V.I.C. § 295(3). The plea agreement contained a provision whereby Todman agreed to waive his right to appeal on certain grounds. Todman now appeals from the District Court's imposition of a twenty-year sentence, 5 years for violating 18 U.S.C. § 922(q)(2)(A) and 15 years for violating 14 V.I.C. § 295(3), to be served consecutively to the federal sentence. Todman's court-appointed attorney, Thurston McKelvin, has filed a brief requesting leave to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Todman has filed a *pro se* brief arguing that the district court committed factual error and imposed an excessive sentence. Because we find that Todman voluntarily and knowingly waived his right to appeal his sentence and enforcement of the waiver does not create a miscarriage of justice in this case, we will affirm the District Court's sentence and grant counsel's motion to withdraw from the representation.

## I.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

Because we write for the parties, we discuss only the facts relevant to our conclusion. On the early morning of August 23, 2009, Kevin Baker, Tony Romano, Michael Bowman, and Larry Parnell had recently left a bar and were getting into Bowman's vehicle, when Todman approached them. Todman, whose face was concealed, pointed a firearm at the four men and demanded their money and cellphones, stating "give me your [expletive] money or I'm going to [expletive] kill you." At first the

2

men refused, thinking that they were the subject of a practical joke. Todman then struck Baker with the butt of his firearm, causing lacerations and bruising to Baker's head. Baker reported that he felt something push against his head, observed that appellant was holding a gun to his head, and heard the gun make a "clicking sound." Todman then began hitting Baker with the gun. Romano later reported that he observed Todman pull the trigger of the weapon being held against Baker's head. Romano then gave Todman some money. Parnell then jumped out of the vehicle and pushed appellant, who ran down the street. Parnell and Bowman pursued Todman, who then apparently pointed a different gun towards Bowman. Parnell reported that he heard a "clicking sound." A struggle ensued and Todman was eventually disarmed and arrested. This altercation took place within 1,000 feet of the Julius Sprauve School. Law enforcement officers subsequently recovered a .25 caliber Mauser pistol, Daisy Powerline Model 15XT BB gun, and twin blade butterfly folding knife from the scene.

On October 1, 2009, appellant was charged in a seventeen-count indictment alleging possession of a firearm in a school zone in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) (Count I); first degree robbery in violation of 14 V.I.C. §§1861 and 1862(2) (Count II); use of a firearm during the commission of a robbery in violation of 14 V.I.C. § 2253(a) (Counts III and XV); first degree assault in violation of 14 V.I.C. § 295(3) (Counts IV, VIII and XII); use of a firearm during the commission of an assault in violation of 14 V.I.C. § 2253(a) (Counts V, IX, XIII, and XVII); first degree robbery in violation of 14 V.I.C. §§ 1861, 1862(2), and 331 (Counts VI, X, XIV); use of a firearm during the commission of an attempted robbery in violation of 14 V.I.C. §

3

2253(a) (Counts VII and XI); and first degree robbery in violation of 14 V.I.C. § 295(3) (Count XVI).

On November 18, 2009 Todman pled guilty pursuant to a plea agreement to Count I, possession of a firearm in a school zone in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4), and Count IV, first degree assault in violation of 14 V.I.C. § 295(3). The plea agreement contained the following provision:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

App. 47-48. The plea agreement also laid out the government's view of the applicable sentencing guidelines. Todman and his trial attorney, Jesse Gessin, signed the plea agreement on November 18, 2009.

On February 24, 2010, Todman was sentenced. The District Court imposed a sentence of 5 years for Count I, the federal offense, followed by a consecutive sentence of fifteen years for Count IV, the Virgin Islands offense. Todman was also sentenced to a term of supervised release of one year. Todman subsequently filed a timely appeal.

4

## III.

Todman's counsel, McKelvin, has filed an *Anders* brief asserting that he has reviewed the record and proceedings and found no viable issues for appeal. "In *Anders v. California,* 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin,* 211 F.3d 778, 779 (3d Cir. 2000). Under *Anders,* counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Id.* at 780. Thus, we must conduct a two-fold inquiry when defense counsel has submitted an *Anders* brief: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). If we find that there are no non-frivolous issues, then we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Marvin,* 211 F.3d at 780.

In this case, McKelvin states that he "has diligently searched the record in this matter, and in good faith, is not able to assert to this Court that there are appealable issues." Bl. Br. 6. The only possible issue on appeal, he submits, is whether Todman voluntarily and knowingly waived his right to appeal his sentence. Todman's *pro se* brief, on the other hand, raises two issues on appeal: (1) the district court committed

5

factual error in finding that the weapon generated a "clicking sound"[1] and that Todman

pulled the trigger of the weapon; and (2) the sentence imposed on Todman was excessive

in light of the circumstances of the offense and his criminal history. (The instant case

represents Todman's first conviction.). Although McKelvin did not discuss these issues

in his *Anders* brief, we may nevertheless grant his motion to withdraw if our own review

supports counsel's conclusion that there are no meritorious issues for review. *Youla,* 241

F.3d at 299. *See also Marvin,* 211 F.3d at 781 (stating that even where counsel's *Anders*

brief is inadequate, a court may still dismiss the appeal if its frivolousness is patent).

However, because Todman signed a plea agreement that waived his right to

appeal, "we will not exercise [our appellate jurisdiction] to review the merits of

[Todman's] appeal if we conclude that [he] knowingly and voluntarily waived [his] right

to appeal unless the result would work a miscarriage of justice." *See United States v.*

*Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). *See also United States v. Khattak*, 273 F.3d

557, 563 (3d Cir. 2001) ("Waivers of appeals, if entered into knowingly and voluntarily,

are valid, unless they work a miscarriage of justice."). Therefore, our first task is to

determine whether appellant voluntarily and knowingly waived his right to appeal his

sentence. *Gwinnett*, 483 F.3d at 203.

A guilty plea is valid if entered into "knowing[ly], voluntar[ily] and

intelligent[ly]." *United States v. Tidwell,* 521 F.3d 236, 251 (3d Cir. 2008). "The

constitutional requirement that a guilty plea be 'knowing' and 'voluntary' is embodied in

---

[1]    Todman argues that he never pulled the trigger of the weapon, that the weapon was actually on "safety" mode, and that the victim's statement that he had heard "clicking sounds" was a fabrication.

Federal Rule of Criminal Procedure 11." *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (citing *Boykin v. Alabama,* 395 U.S. 238, 242-44 (1969)). Rule 11(b) requires the district court to "address the defendant personally in open court," and advise the defendant "of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed . . . and 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" *Schweitzer*, 454 F.3d at 202-03 (citing F. R. Crim. P. 11(b)). The court must also ensure that the defendant's plea is voluntary and knowing. Fed. R. Crim. P. 11(b).

After examining the record, we conclude that Todman's guilty plea was knowing and voluntary. Todman entered a plea of guilty on November 18, 2009 before Magistrate Judge Geoffrey W. Barnard. The magistrate judge placed Todman under oath and addressed him personally in open court, as is required by the rule. In response to the court's questions, Todman stated that he had an eighth grade education, was literate, and had read and understood all of the documents and the pleadings filed in his case. The court reviewed the plea agreement, and during the colloquy, Todman confirmed that he intended to plead guilty to Counts I and IV of the indictment. The court informed Todman that the maximum possible sentence he could receive would be 5 years for Count I and 15 years on Count IV, and that the two sentences would need to be served consecutively. Todman confirmed that he understood the possible penalties. The magistrate judge also asked Todman whether he understood the trial rights he would be giving up by pleading guilty, including the right to have a jury find him guilty beyond a

reasonable doubt and the right to have witnesses and other evidence presented on his behalf.  The court also informed Todman that "if you were convicted at that trial, you would have the right to appeal to a higher court. . . . But when you plead guilty you give up all of those rights and there will be no trial."  App. 58.  When the court asked Todman if he understood that he would be waiving these rights, Todman answered in the affirmative.  Finally, the magistrate judge concluded that Todman's guilty "pleas [were] entered knowingly and voluntarily and with full understanding and appreciation of their consequences."  App. 62.

Todman does not argue that his guilty plea was not voluntary and knowing, and the government and defense counsel both submit that appellant's guilty plea satisfied Rule 11.  We agree.  Our review of the record reveals that the judge's colloquy was comprehensive and satisfied Federal Rule of Criminal Procedure 11.

Thus, we will enforce the terms of the plea agreement unless doing so would result in a miscarriage of justice.  *See United States v. Price*, 558 F.3d 270, 284 (3d Cir. 2009) (enforcing waiver of appeal on the basis that "the appellate waiver in this case was entered into knowingly and voluntarily and that enforcement of the waiver will not result in a miscarriage of justice").  Todman's *pro se* brief does not argue that failure to review his sentence would lead to a miscarriage of justice, and counsel's *Anders* brief concedes that there are no meritorious issues on appeal.  After independently reviewing the record, we conclude that, because there are no meritorious issues for review, enforcement of

8

Todman's waiver of his appeal rights will not result in a miscarriage of justice.[2]

Therefore, Todman's waiver of his appellate rights is enforceable.[3]

Accordingly, we will AFFIRM the District Court's judgment of conviction and sentence and, in a separate order, GRANT counsel's motion to withdraw.

---

[2] We have considered the challenges Todman raises with regard to his sentence. First, Todman has not shown that the district court committed clear error in finding that the gun Todman used made a "clicking sound." Second, Todman's two sentences were within the maximum provided by the relevant laws. Under 18 U.S.C. § 924(a)(1), a person who violates Section 922 shall "imprisoned not more than five years." The Virgin Islands legislature provided in Section 295 that any person who violates 14 V.I.C. § 295 "shall be imprisoned not more than 15 years." Thus, the sentence imposed on Todman for violating these provisions were, while at the maximum, within the limits provided for by the statutes. Finally, we conclude that the district court adequately considered the factors set forth in 18 U.S.C. § 3553, including appellant's criminal history, his personal characteristics, the offense conduct, and the need for deterrence, in sentencing him to the statutory maximum sentences for both the federal and local offenses. Thus, the sentences imposed on appellant were procedurally and substantively reasonable. *See United States v. Jones,* 566 F.3d 353, 366 (3d Cir.2009) (explaining that a sentence is procedurally reasonable where the sentencing judge correctly calculates Guidelines range, does not treat the range as mandatory, meaningfully considers the § 3553(a) factors, and adequately explains the chosen sentence); *see also Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 218 (3d Cir. 1980) (no Eighth Amendment violation in sentence for violation of Virgin Islands criminal law, since "[t]he sentence imposed by the trial court is within the limits of punishment established by the legislature" ). While Todman's sentence "was long . . . it was connected to the seriousness of the crime." *See Jones,* 566 F.3d at 367.

[3] As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Todman's behalf. *See* L.A.R. Rule 109.2(b).